IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2001

## STATE OF TENNESSEE v. FELICIA L. BRITTON

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40806, 40000400     John H. Gasaway, III, Judge**

_____

**No. M2001-00176-CCA-R3-CD - Filed September 7, 2001**

_____

After pleading guilty to felony theft of identity, a Class D felony, and to violating her probation, the trial court ordered the defendant to serve one year confinement and one year probation with rehabilitation as a result of violating her probation. In addition, the trial court ordered her to serve an additional three years of probation for the felony theft of identity conviction, to run consecutive to the sentence resulting from the probation violation. The defendant appeals and asserts that the trial court erred in sentencing her on the probation violation, erred in sentencing her to three years of probation for the felony theft of identity, and erred in ordering the two sentences to be served consecutively. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J. , joined.

Edward DeWerff and Lonna K. Hildreth, Clarksville, Tennessee, for the appellant, Felicia Lashea Britton.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lance A. Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In August of 1999, the defendant, Felicia Lashea Britton, pled guilty to two counts of forgery and one count of fraudulent use of a credit card, both Class E felonies. The trial court sentenced her to two years probation for each offense, to be served concurrently.

On May 17, 2000, the defendant's probation officer filed a probation violation affidavit and warrant against the defendant. The grounds alleged for the violation were an arrest for domestic assault, an arrest for theft, and failure to provide proof of court costs payments. The defendant was later indicted on July 5, 2000, for felony theft of identity, a Class D felony.

On November 9, 2000, the defendant entered a guilty plea to felony theft of identity, while also waiving a probation revocation hearing and pleading guilty to violation of probation. The trial court then set a hearing in order to sentence the defendant on the theft of identity conviction and the probation revocation.

At the December 12, 2000 sentencing hearing, the trial court sentenced the defendant to one year confinement and the remaining year on probation for the probation violation. As a condition of this remaining year on probation, the court ordered the defendant to attend a rehabilitation program, the Synergy Program, in Memphis, Tennessee. The trial court then sentenced the defendant to three years for the felony theft of identity, to be served on probation, consecutive to the two-year sentence resulting from the probation violation.

The defendant now appeals her sentence, asserting: (1) That the trial court erred in ordering her to serve one year of confinement and the remaining year on probation, in a rehabilitation program, for violating her probation; (2) that the trial court erred in sentencing her to three years for the felony theft of identity conviction; and (3) that the trial court erred in ordering the two sentences to be served consecutively.

**Sentencing Hearing**

At the sentencing hearing on December 12, 2000, the victim of the felony theft of identity testified. Essentially, she testified that the defendant, by illegally using the victim's identity to make credit card purchases, ruined her credit and has caused her significant financial problems, including over $5000 in debt. She also expressed her desire for the defendant to be incarcerated.

Next, the defendant testified on her own behalf. She testified that she obtained and used credit cards in the victim's name to purchase electronics, which she then sold on the street in order to purchase drugs. She then testified that she has not used drugs since completing a 28 day rehab program at The Elam Mental Health Center in Nashville in April of 2000. The defendant admitted that she violated her probation. However, she stated that she was not a bad person, but did have a bad habit, and should be given a second chance.

At the conclusion of the hearing, the trial court concluded that three enhancement factors applied to the felony theft of identity conviction: (1) The defendant had a previous history of criminal convictions and criminal behavior, including assault, forgery, fraudulent use of a credit card, a bad check charge, and admitted drug use; (2) the defendant had an unwillingness to comply with conditions of a sentence involving release into the community; and (3) the instant crime was committed while the defendant was on probation. The trial court also found that two mitigating

factors applied: (1) the defendant's conduct did not result in or threaten serious bodily injury, and (2) the defendant pled guilty negating the necessity of a trial. In weighing these factors, the court concluded that a three-year sentence was appropriate. In addition, the trial court ordered that this three-year sentence be served on probation, consecutive to the one year of confinement and one year of probation while at the Synergy Program in Memphis, which resulted from the probation violation. The trial court ordered the sentence for the felony theft of identity conviction to be served consecutive because the defendant committed the instant offense while on probation.

## Analysis

This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness, see Tenn. Code Ann. § 40-35-401(d), conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances, see State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, our review is de novo with no presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). Here, the trial court complied with the statutory directives; therefore, our review is de novo with a presumption of correctness. In this case, the defendant, as the appealing party, must show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). Felony theft of identity is a Class D felony; therefore, this defendant is presumed favorable for an alternative sentence. This presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App.), perm. app. denied, (Tenn. 1994). However, this court is required to attribute great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying. A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). The trial court sentenced the defendant to a three-year term; therefore, she is eligible for probation.

A court should consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they relate to the section 40-35-103 considerations. State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-210(b)(5). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Byrd, 861 S.W.2d at 380. Although probation must be considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). Because the defendant here is seeking probation, she bears the burden on appeal of showing the sentence imposed is improper, and that probation will be in the best interest of him and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of both the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Probation may be denied based solely on the circumstances surrounding the offense. State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

In determining if incarceration is appropriate, a trial court considers (1) the need to protect society by restraining a defendant having a long history of criminal conduct; (2) the need to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses; and (4) whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

First, the defendant claims that the trial court erred in sentencing the defendant for the probation violation. At the conclusion of the sentencing hearing, the trial court sentenced the defendant to one year of incarceration and to one year of probation with rehabilitation resulting from the probation violation. Essentially, the defendant contends that the trial court abused its discretion

by not considering the principles of sentencing and by not again granting her an alternative sentence. However, a trial court is not required to reconsider the principles of sentencing after finding that a defendant violated the terms of probation. See, e.g., State v. McLemore, No. 03C01-9709-CC-00406, 1998 WL 422339 (Tenn. Crim. App., filed July 28, 1998, at Knoxville). The defendant here pled guilty to the probation violation and the trial court was clearly within its discretion to order a term of split confinement. We find no error in the trial court ordering such a sentence for the probation violation.

Next, the defendant contends that the trial court erred in sentencing her to three (3) years for the theft of identity conviction. As previously noted, the trial court applied three enhancement factors: (1) The defendant had a previous history of criminal convictions and criminal behavior, including assault, forgery, fraudulent use of a credit card, a bad check charge, and admitted drug use; (2) the defendant had an unwillingness to comply with conditions of a sentence involving release into the community; and (3) the instant crime was committed while the defendant was on probation. The trial court weighed the three enhancement factors against two mitigating factors: (1) the defendant's conduct did not result in or threaten serious bodily injury, and (2) the defendant pled guilty, negating the necessity of a trial.

The court noted the possible range for the instant offense is two to four years. The trial court then determined that, given the weight of the enhancement factors over the mitigating factors, the defendant's sentence should be three years, well within the possible range. In addition, the trial court ordered the three years to be served on probation. In reviewing the record and the trial court's findings, we conclude that the defendant has failed to demonstrate how the record preponderates against the trial court's imposition of a three year sentence for the theft of identity conviction.

Finally, the defendant contends that the trial court erred in ordering that the two sentences run consecutively. In sentencing a defendant, a trial court may order consecutive sentences if the court finds by a preponderance of the evidence that the defendant committed the offense while on probation. Tenn. Code Ann. § 40-35-115(b)(6). The defendant here pled guilty to the instant offense and to violating her probation as a result of committing the instant offense while on probation. Thus, the trial court was allowed to order the two sentences to be served consecutively. The defendant has failed to demonstrate how the evidence preponderates against the trial court's ordering consecutive sentences.

**Conclusion**

After thorough review, we hold that the trial court did not err in sentencing the defendant to one year incarceration and one year probation with rehabilitation as a result of the probation violation. We also hold that the trial court did not err in sentencing the defendant to three years probation for the theft of identity conviction, to be served consecutively to the sentence resulting from the probation violation. Accordingly, we affirm the judgment of the trial court.

-5-

_____
JOHN EVERETT WILLIAMS, JUDGE